UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.   Civil Action No. 08-838-JVP

HIGHLAND FABRICATORS, INC. 401(K)
PLAN,

    Defendant.

## ORDER

**WHEREAS**, this action was filed by the Secretary of Labor pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA" of the "Act"), 29 U.S.C. § 1001 et seq., and by the authority vested in her by ERISA Section 502(a) (5), alleging that the Highland Fabricators, Inc. 401(k) Plan ("the Plan") was in violation of ERISA sections 402 and 403; and,

    1.    The defendant Plan was and is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and was established to provide benefits to members of the plan sponsor, Pipeworks Reserve, Inc. ("the Company"), and employer, the employees of which were covered by a plan subject to Title I of ERISA; and,

    2.    ING serves as the custodian of Plan assets, and was and is capable of receiving instructions from a duly appointed Independent Fiduciary; and

    3.    The Plan is without a fiduciary to administer it, effectuate distribution of assets to its participants, and provide for the Plan's final termination; and,

4.  This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the Middle District of Louisiana pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); and this Court has personal jurisdiction over the Plan pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1) for all purposes relevant to this matter; and

5.  The Secretary of Labor having demonstrated a clear need for the relief sought in this matter, pursuant to the provisions of ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5);

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Secretary of Labor's application for relief is hereby granted.

2.  The *status quo* of the Plan shall be maintained pending an orderly transfer to the Independent Fiduciary.

3.  The Court hereby appoints Estate Asset Services, LLP ("EAS") as the Independent Fiduciary of the Plan with authority to administer the Plan and implement its orderly termination.  In performing its fiduciary duties, EAS shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan.

4.  The Independent Fiduciary shall have all powers to do the things that are necessary and appropriate to administer and terminate the Plan and to pay the assets to Plan participants.

5.  The Independent Fiduciary shall determine the amounts of benefits payable to the respective participants and beneficiaries of the Plan and arrange for distribution to the participants.

6. The Independent Fiduciary for the Plan is authorized to allocate *pro rata* among the participants' accounts its expenses not to exceed $5,000, to effectuate the distribution of the Plan assets to Plan participants and beneficiaries and effectuate the Plan's termination.

7. If at the end of a six-month period from its appointment, the Independent Fiduciary has additional claims for expenses reasonable and necessary to effect Plan asset distribution and Plan termination, EAS shall present to the Court an itemized fee application, including hourly rates of pay, and dates and hours of work, accompanied by a description of work performed, as well as an itemized statement of expenses. The Independent Fiduciary shall provide to the Employee Benefit Security Administration ("EBSA"), Attn: Bryce Carroll, 525 Griffin Street, Room 900, Dallas, Texas, a copy of said fee application when it is filed with the Court. Absent objection from EBSA within fifteen business days, the fee application shall be deemed approved. If the ESBA objects, the Court will decide whether the Independent Fiduciary's request shall be granted.

8. Upon completing such distribution, the Independent Fiduciary shall terminate the Plan in accordance with applicable plan documents, ERISA, and other applicable Federal law, 29 U.S.C. § 1001 et seq.

9. The Independent Fiduciary shall not be held personally responsible for any claims against the Plan or the related entities which existed, arose, matured or vested prior to the appointment of the Independent Fiduciary.

SO ORDERED THIS 25th DAY OF March, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT