UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, ) <br> United States Department of Labor ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Highland Fabricators, Inc. 401(k) ) <br> Plan, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 08-838-JVP-CN |

## J U D G M E N T

Plaintiff's Motion for Judgment by Default came on for consideration. Defendant and its agent have failed to answer or otherwise plead in response to Plaintiff's Complaint.

On March 3, 2009, the Clerk of Court entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Defendant has not moved pursuant to Rule 55(c) to set aside for good cause shown the entry of default against them. It is therefore:

1.     ORDERED, ADJUDGED and DECREED that the *status quo* of the Plan shall be maintained pending an orderly transfer to the Independent Fiduciary.

2.     ORDERED, ADJUDGED and DECREED that the Court hereby appoints Estate Asset Services, LLP ("EAS") as the Independent Fiduciary of the Plan with authority to administer the Plan and implement its orderly termination. In performing its fiduciary duties, EAS shall have and exercise full authority and control with respect to the management or disposition of the assets of the plan.

3.   ORDERED, ADJUDGED and DECREED that the Independent Fiduciary shall have all powers to do the things that are necessary and appropriate to administer and terminate the Plan and to pay the assets to Plan participants.

4.   ORDERED, ADJUDGED and DECREED that the Independent Fiduciary shall determine the amounts of benefits payable to the respective participants and beneficiaries of the Plan and arrange for distribution to the participants.

5.   ORDERED, ADJUDGED and DECREED that the Independent Fiduciary for the Plan is authorized to allocate *pro rata* among the participants' accounts its expenses not to exceed $5,000.00, to effectuate the distribution of the Plan assets to Plan participants and beneficiaries and effectuate the Plan's termination.

6.   ORDERED, ADJUDGED and DECREED that if at the end of a six-month period from its appointment, the Independent Fiduciary has additional claims for expenses reasonable and necessary to effect Plan asset distribution and Plan termination, EAS shall present to the Court an itemized fee application, including hourly rates of pay, and dates and hours of work, accompanied by a description of work performed, as well as an itemized statement of expenses. The Independent Fiduciary shall provide to the Employee Benefit Security Administration ("EBSA"), Attn: Bryce Carroll, 525 Griffin Street, Room 900, Dallas, Texas 75202, a copy of said fee application when it is filed with the Court. Absent objection from EBSA within fifteen business days, the fee application shall be deemed approved. If the EBSA objects, the Court will decide whether the Independent Fiduciary's request shall be granted.

7.   ORDERED, ADJUDGED and DECREED that upon completing such distribution, the Independent Fiduciary shall terminate the Plan by filing Form 5500 in accordance with applicable federal law and implementing regulations.

8. ORDERED, ADJUDGED and DECREED that the Independent Fiduciary shall not be held personally responsible for any claims against the Plan or the related entities which existed, arose, matured or vested prior to the appointment of the Independent Fiduciary.

9. ORDERED, ADJUDGED and DECREED that the Court shall retain jurisdiction of this matter for the purposes of enforcing compliance with the ordered relief and ordering such further relief as may be necessary, including but not limited to ordering the reimbursement, if necessary, of expenses allocated to Plan participants' accounts to effectuate the Plan's termination.

Baton Rouge, Louisiana, this 25th day of March, 2009.

_____
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE